UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN HURLBURT #281679,

       Plaintiff,                  CIVIL ACTION NO. 10-14970

  v.                                   DISTRICT JUDGE DENISE PAGE HOOD

DARRELL PARKER, STEPHEN       MAGISTRATE JUDGE MARK A. RANDON
STOCKER, SHELLY, LNU,
TIFFANY LNU, HALEY LNU, JIM
CRAIG and DENNIS STEENROD,

       Defendants.
_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTIONS TO DISMISS (DKT. NOS. 19, 20)

### I. INTRODUCTION

      This is a prisoner civil rights case. Plaintiff Steven Hurlburt alleges that while confined in the Lenawee County Jail in Michigan, medical personnel failed to properly treat his psychiatric condition and denied him pain medication in violation of the Eighth and Fourteenth Amendments. On February 18, 2011, Judge Denise Page Hood referred the case to the undersigned for all pretrial matters.

      Presently before the Court are two dispositive motions: (1) the motion to dismiss for failure to state a claim of defendants Darrel Park, M.D., Shelly Marks, R.N. (Shelly LNU), Tiffany Bender, R.N. (Tiffany LNU) and Haley Espenoza, R.N. (Haley LNU) (Dkt. No. 19), and (2) the motion to dismiss of defendants Jim Craig, Dennis Steenrod and Steven Stocker (Dkt. No. 20). Plaintiff

responded to both motions (Dkt. Nos. 24, 26) and the undersigned allowed Defendants Craig, Steenrod and Stocker to file a supplemental response (Dkt. No. 23). Since even under the liberal construction afforded *pro se* complaints, Plaintiff's allegations fail to rise to the level of an Eighth Amendment violation, **IT IS RECOMMENDED** both motions to dismiss be **GRANTED** and that Plaintiff's lawsuit be **DISMISSED WITH PREJUDICE.**

## II.  FACTS

In ruling on Defendants' motions to dismiss, Plaintiff's *pro se* Complaint allegations, as outlined below, are assumed to be true (Dkt. No. 1, pp. 1-3)

On August 3, 2010, after serving a prison sentence in the Michigan Department of Corrections ("MDOC"), Plaintiff was transferred to the Lenawee County Jail ("the Jail") on a detainer hold. While in the custody of the MDOC, Plaintiff was diagnosed with multiple psychological disorders, including psychosis[1]; he was prescribed psychosis medication, placed in out-patient therapy and monitored by a psychiatrist and social worker.

When Plaintiff arrived at the Jail, he was told that Defendant Steven Stocker was the counselor from Community Mental Health ("CMH") assigned to the jail. Plaintiff sent multiple kites[2] to Stocker to no avail. Stoker never talked to Plaintiff and – knowing that he was in need of psychological services – refused to let Plaintiff have a one-on-one visit with the psychiatrist that

---

[1] Psychosis is "a mental disorder characterized by gross impairment in reality testing as evidence by delusions, hallucinations, markedly incoherent speech, or disorganized and agitated behavior without apparent awareness on the part of the patient of the incomprehensibility of his behavior; the term is also used in a more general sense to refer to mental disorders in which mental functioning is sufficiently impaired as to interfere grossly with the patient's capacity to meet the ordinary demands of life." *Dorland's Illustrated Medical Dictionary* (27th Ed.) (1998) p.1385.

[2] A "kite" is a written request from an inmate.

would come to the Jail from CMH. Stoker did, however, respond to Plaintiff's kite, in writing, and informed Plaintiff that although the Jail did not provide individual psychiatric therapy sessions, Plaintiff could participate in group-based psychiatric therapy that was available.[3]

Plaintiff also needs Motrin and/or Tylenol to control his migraine headaches, which are caused by his chronic arthritis and are also a side effect of his psychosis medication. On one occasion, September 1, 2010, nursing staff denied Plaintiff Motrin and/or Tylenol even though "Nurses Shelley, Tiffany and Haley all know he has a prescription on file [for the pain medication]." Plaintiff immediately sent a kite to the nursing staff, but he was not called out of his cell to get the medication and nobody came to his cell with the pain medication.

On another occasion, September 3, 2010, nursing staff denied Plaintiff his psychosis medication. Nursing staff told Plaintiff that his prescription had run out and "he was not going to receive it anymore." Plaintiff told them that the prescription should have been refilled. Plaintiff could not sleep that night because of the "high anxiety and stress" the nursing staff put him through. Plaintiff does not allege that he was denied medication for pain or his psychosis on any other dates.

On October 25, 2010, Plaintiff sent a kite to see a doctor about the psychological problems he was experiencing and because Stoker would not see him, directing him instead to the doctor. Plaintiff saw Defendant Parker (a doctor) two days later, on October 27, 2010, but Dr. Parker refused to review Plaintiff's medical kite or medical history chart. Dr. Parker diagnosed Plaintiff with a

---

[3] Stoker's response to Plaintiff's kite is not mentioned in Plaintiff's Complaint; the response was attached to Defendants Craig, Steenrod and Stoker's motion to dismiss (Dkt. No. 20, Ex. 1). However, Stoker's response is central to Plaintiff's Complaint allegations and a public record of the Jail (Dkt. No. 20, p. 2 (ECF p. 6)). As such, consideration of Stoker's response does not convert his motion to dismiss into a motion for summary judgment under Fed. R. Civ. P 56. *See Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

bacterial infection (Plaintiff presented with "boils" on his skin) and told him that his psychosis could be controlled with more medication. Plaintiff acknowledges that Dr. Parker gave him additional medication for the psychosis and anti-bacterial medication for his skin infection, but he alleges that Dr. Parker committed "malpractice" because he never went to school for psychiatry and prescribed Plaintiff medication without knowing the side effects. Plaintiff also believes the boils on his skin were not the result of a bacterial infection but rather a side effect of Effexor – the psychosis medication he was taking.

Plaintiff stopped taking the new medication prescribed by Dr. Parker on October 31, 2010. Nurse Shelley requested that Plaintiff sign a "waiver [of medication]" in the presence of two corrections officers. Feeling "uncomfortable, high anxiety and confused," Plaintiff signed the waiver "under duress."

Later that day, Plaintiff filed a grievance against Stoker, the nursing staff and Dr. Parker. Plaintiff sent the grievance to Captain Dennis Steenrod, the Jail's Grievance Coordinator. His grievance complained about the problems he was having obtaining appropriate psychiatric treatment and ended: "Please explain to me why this is, so I can explain this to my family and lawyers. Thank you" (Dkt. No. 20, Ex. 3)

Lieutenant Jim Craig responded to Plaintiff's grievance as follows: "Have your attorney contact our attorney Cindy Peach." Craig then forwarded the grievance to Defendant Steenrod who responded to the grievance – by denying it for lack of merit – on November 15, 2010 (*id*.).

In terms of relief, Plaintiff seeks Five Million Dollars ($5,000,000.00) for the pain and mental anguish he suffered at the Jail. He also requests that he be appointed counsel, transferred from the Jail and that a Personal Protection Order be entered against Defendants.[4]

### III. ANALYSIS

**A. Standard of Review**

In facing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570 (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Under Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (citations omitted).

---

[4] Some of Plaintiff's requests for relief are now moot, because he was released from the Jail on May 4, 2011 (Dkt. No. 23, Ex. 1, p. 3).

The Supreme Court has also explained that the "tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (finding assertions that a defendant was the "principal architect" of an invidious policy and another defendant was "instrumental" in adopting and executing a policy of invidious discrimination were insufficient to survive a motion to dismiss because they were "conclusory" and thus not entitled to the presumption of truth). Although Rule 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era," it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. . . . When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

Where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). However, courts may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), nor may courts construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). Neither may the court "conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), nor create a claim for Plaintiff, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d

1167, 1169 (6th Cir. 1975), because to hold otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The elements of a claim under 42 U.S.C. § 1983 are: (1) the violation of a right secured by the federal Constitution or federal law that was (2) committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

### A. Eighth Amendment Deliberate Indifference

#### 1. Plaintiff's claims against nurses Marks (Shelly LNU), Bender (Tiffany LNU) and Espenoza (Haley LNU) and Dr. Parker must be dismissed

A prisoner's claim that his constitutional right to medical treatment was violated is analyzed under the Eighth Amendment.[5] *See Estelle v. Gamble*, 429 U.S. 97 (1976). To state a § 1983 claim for a violation of a prisoner's Eighth Amendment rights due to inadequate medical care, the prisoner must allege facts evidencing a deliberate indifference to serious medical needs. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). To succeed on a claim of deliberate indifference, Plaintiff must satisfy two elements, an objective one and a subjective one. *Wilson*, 501 U.S. at 300. The objective element is satisfied by a showing that Plaintiff had a serious medical need. *Wilson*, 501 U.S. at 297; *Farmer v. Brennan*, 511 U.S. 825 (1994). "To satisfy the subjective component, the plaintiff must allege

---

[5] Similar rights are guaranteed to pretrial detainees by the Due Process Clause of the Fourteenth Amendment, which provides the same deliberate-indifference standard of care as the Eighth Amendment. *Ford v. Cnty. of Grand Traverse*, 535 F.3d 483, 494–95 (6th Cir. 2008). However, Plaintiff was not a pretrial detainee.

facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001), citing *Farmer*, 511 U.S. at 837. Emphasizing the subjective nature of this inquiry, the Supreme Court has noted that "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838. Deliberate indifference is characterized by obduracy and wantonness, not inadvertence or good faith error. *Gibson v. Foltz*, 963 F.2d 851, 853 (6th Cir. 1992). Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 333-34 (1986). Nor is Plaintiff entitled to the "best" medical treatment available. *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978); *Irby v. Cole*, No. 4:03cv141-WHB-JCS, 2006 WL 2827551, at *7 (S.D. Miss. Sept. 25, 2006). Moreover, where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, courts are reluctant to second guess medical judgments. *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

As described above, Plaintiff's claims against the identified and unidentified nurses is that they refused to provide him Motrin and/or Tylenol on one day, September 1, 2010, and that on another day, September 3, 2010, they failed to give him his psychosis medication because – that day – his prescription ran out. Plaintiff was confined at the Jail for a total of nine months (and had been confined for four months at the time he filed his Complaint), but alleges only that he missed medication on two days. Under these circumstances, the isolated incidents of missed medications described in Plaintiff's Complaint are insufficient to state a claim for deliberate indifference under

the Eighth Amendment. *See Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992) (an occasional missed dose of medication does not, without more, constitute deliberate indifference); *Bellotto v County of Orange*, 248 Fed.Appx. 232, 237 (2nd Cir. 2007) (county jail did not show deliberate indifference to medical condition of pretrial detainee, when he missed doses of medication due to inadequate monitoring, when only effect was anxiety attack, which was not acute and resulted in no physical injuries); *Brandau v. Price*, 124 F.3d 191 (5th Cir. 1997) (unpublished table decision) (upholding district court's grant of summary judgment where the plaintiff alleged defendants were deliberately indifferent to his serious medical needs by depriving him of prescribed psychotropic medication for three days in February 1991).

Plaintiff also alleges that Nurse Shelly made him sign a waiver of medication in the presence of two corrections officers. However, Plaintiff voluntarily refused to take the new medication prescribed by Dr. Parker. Thus, even if Plaintiff was coerced to sign the waiver of medication, his allegation does not rise to the level of an Eighth Amendment violation.

As to Dr. Parker, Plaintiff admits that Dr. Parker prescribed antibiotic medication and additional medication for his psychosis. While Plaintiff disagrees with Dr. Parker's diagnosis of a bacterial infection and challenges his lack of education and training in psychiatry, at best, Plaintiff's claims amount to a dispute is over the adequacy of his treatment, which cannot sustain a deliberate indifference claim. *Westlake*, 537 F.2d at 860 n. 5. For these reasons, Plaintiff's claims against nurses Marks (Shelly LNU), Bender (Tiffany LNU), Espenoza (Haley LNU), the unidentified (and unserved) nurses[6] and Dr. Parker must be dismissed.

---

[6] Under these circumstances, it would be futile and an uneconomical use of judicial resources to conduct further proceedings against the non-moving and unserved Defendants. *See Monk v. Bailey*, No. 1:08-cv-903, 2010 WL 4962960, at *4 (W.D. Mich. Oct. 28, 2010) report

**2. Plaintiff's claims against Craig, Steenrod and Stocker must be dismissed**

Plaintiff alleges that Stocker denied him one-on-one access to a psychiatrist. Stocker advised Plaintiff that although the Jail did not authorize one-on-one psychiatric therapy he could participate in group psychiatric therapy. Here again, Plaintiff's allegations amount to no more than a disagreement between himself and Stocker as to the adequacy of one-on-one versus group therapy. Stocker advised Plaintiff of his therapy options, which is all he could do *because he is not a psychiatrist*. Under these circumstances, accepting Plaintiff's allegations as true, his Complaint fails to state a claim against Stocker.

Plaintiff's allegation against Craig and Steenrod is that they "refused to do anything about this issue [involving the lack of proper medical treatment]" after he brought to their attention in his grievance (Dkt No. 1, III Relief). Lieutenant Craig and Captain Steenrod's only involvement in this case is that they responded to Plaintiff's grievance against Stocker and the medical staff. Neither Craig nor Steenrod had any involvement in the medical treatment Plaintiff received.

Allegations premised on respondeat superior liability are foreclosed in § 1983 actions *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978). In *Bellamy v. Bradley*, the Sixth Circuit stated that in order to impose liability on supervisory personnel, a Plaintiff must show more than having brought offending conduct to the attention of supervisory officials:

---

adopted by 2010 WL 4963013 (W.D. Mich. Dec. 1, 2010) (dismissing six unserved "Doe" defendants who allegedly denied plaintiff medical treatment where plaintiff could not establish exhaustion as to any prison personnel); *see also Moore v. Thomas*, 653 F. Supp. 2d 984, 1003 (N.D. Cal. 2009) ("Summary judgment may be properly entered in favor of unserved defendants where (1) the controlling issues would be the same as to the unserved defendants, (2) those issues have been briefed, and (3) [p]laintiff has been provided an opportunity to address the controlling issues."); *Blake v. McCormick*, No. 5:06-cv-273, 2007 WL 1671732 at *5 (E.D. Tex. June 8, 2007).

> In *Hays v. Jefferson County,* 668 F.2d 869 (6th Cir. 1982), we held that the § 1983 liability of supervisory personnel must be based on more than the right to control employees. Section 1983 liability will not be imposed solely upon the basis of respondeat superior. There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate. *Hays*, 668 F.2d at 872-74.

Moreover, a supervisory official's awareness of alleged *illegal* conduct *after the fact* does not provide a basis for imposition of damages under 42 U.S.C. § 1983. *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989). Merely being aware of a prisoner's complaint and failing to take corrective action is insufficient to impose liability on supervisory personnel under § 1983. *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988), *cert. den.*, 488 U.S. 1007 (1989).

Since Plaintiff's Complaint fails to make any allegations that Craig or Steenrod were directly or indirectly involved in any purported deprivation of medical treatment, Plaintiff's claims against them must also be dismissed.

### IV. CONCLUSION

For the reasons indicated above, **IT IS RECOMMENDED** both motions to dismiss (Dkt. Nos. 19 and 20) be **GRANTED** and that Plaintiff's lawsuit be **DISMISSED WITH PREJUDICE.**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon<br>
Mark A. Randon<br>
United States Magistrate Judge

Dated:  December 19, 2011

### Certificate of Service

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, December 19, 2011, electronically.*

*s/Melody R. Miles*<br>
*Case Manager to Magistrate Judge Mark A. Randon*<br>
*(313) 234-5542*